JS 44   (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Donald Martinez

**(b)** County of Residence of First Listed Plaintiff: Rio Arriba County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lee R. Hunt, Stephen R. Marshall, Hunt & Marshall, 518 Old Santa Fe Trail, #501, Santa Fe, NM 87505 P:(505) 954-4868

### DEFENDANTS
United States of America

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C 1346(b), 2671-2680 et seq., commonly known as the Federal Tort Claims Act

Brief description of cause:
Medical Malpractice

### VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 3,000,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND:  ☐ Yes  ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/23/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Lee R. Hunt

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD MARTINEZ,

    Plaintiff,

v.                                        CASE NO.: 1:16-cv-01055

UNITED STATES OF AMERICA,

    Defendant.

**COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL MALPRACTICE**

Plaintiff Donald Martinez, files this Complaint against Defendant United States of America. This Complaint is brought pursuant to the laws of the state of New Mexico and the Federal Tort Claims Act for medical malpractice.

**I.**
**PARTIES, JURISDICTION, SERVICE OF PROCESS, AND VENUE**

1.    This is a medical malpractice case involving the negligent failure to diagnose and treat Donald Martinez's severe burn to his hand. The failure to send Mr. Martinez to a specialist resulted in the injuries worsening and ultimately led to the preventable amputation of Mr. Martinez's middle, ring and little fingers.

2.    Donald Martinez resided in Rio Arriba County, New Mexico, when the events and omissions giving rise to this cause of action occurred.

3.    The defendant is the United States of America. The defendant may be served with process pursuant to Fed.R.Civ.P. 4(i) by:

(a)     delivering a copy of the summons and complaint to the Honorable Damon P. Martinez, U.S. Attorney for the District of New Mexico, at his address of:  P. O. Box 607, Albuquerque, New Mexico 87103; and/or,

(b)     mailing a copy of the summons and complaint by registered or certified mail to the Honorable Loretta E. Lynch, Attorney General of the United States, at her address of U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001; and/or,

(c)     mailing a copy of the summons and complaint by registered or certified mail to the Honorable Sylvia Burwell, Secretary, U.S. Department of Health and Human Services, Immediate Office of the Secretary, 200 Independence Avenue S.W., Washington, DC 20201.

4.     This Federal District Court has federal question jurisdiction of this cause because this action is brought pursuant to, and in compliance with, 28 USC §§ 1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act", which vests exclusive subject matter jurisdiction of federal tort claims litigation in the Federal District Court.

5.     Venue is proper in this district pursuant to 28 USC § 1402(b), as the United States is a defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## II.
## LIABILITY OF THE UNITED STATES OF AMERICA

6.     This case is commenced and prosecuted against the United States of America pursuant to, and in compliance with, Title 28 USC §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act".  Liability of the United States is predicated specifically on Title 28 USC §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages, of which this

complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America at the La Clinica del Pueblo de Rio Arriba, Tierra Amarilla, New Mexico, and while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the plaintiff in the same manner and to the same extent as a private individual under the laws of the state of New Mexico.

## III.
## JURISDICTIONAL PREREQUISITES

7.      Plaintiff pleads, pursuant to Title 28 USC § 2672 and 2675(a), that the claims set forth herein were filed with, and presented administratively to, the defendant's agency, the United States Department of Health and Human Services, on March 22, 2016, for the claims of Plaintiff Donald Martinez.  Greater than six months has passed since the filing of these claims, and Defendant United States Department of Health and Human Services has failed to resolve the claims.  All claims from Donald Martinez are deemed denied.  Accordingly, Plaintiff has complied with and exhausted all procedural and jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## IV.
## THE DEPARTMENT OF HEALTH AND HUMAN SERVICES IS AN AGENCY OF THE UNITED STATES

8.      The United States Department of Health and Human Services is an agency of the United States of America.  The United States of America, defendant herein, through its agency, the United States Department of Health and Human Services, at all times material hereto, owned, operated and controlled the healthcare facilities known as La Clinica del Pueblo de Rio Arriba, located in Tierra Amarilla, New Mexico and through its agency, the United States Department of

Health and Human Services, staffed the healthcare facility with its agents, servants, and/or employees.

## V.
## EMPLOYMENT AND COURSE AND SCOPE

9. At all times material hereto, all persons involved in the medical and healthcare services provided to Donald Martinez at the La Clinica del Pueblo, located in Tierra Amarilla, New Mexico, were agents, servants, and/or employees of the Department of Health and Human Services, the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## VI.
## FACTS

10. This is a federal tort claims action for monetary damages sustained by Plaintiff as a result of the negligent failure to diagnose and treat Donald Martinez's third-degree burn and crush injury on his left hand beginning on October 13, 2015.

11. Donald Martinez suffered a burn/crush injury while working. He was taken to the La Clinica del Pueblo de Rio Arriba and was seen by staff at the clinic.

12. The clinic is FTCA Deemed and its address is Highway 84, County Road 0324, No. 14, Tierra Amarilla, New Mexico 87575.

13. X-rays were ordered and the doctor wrote that there were no fractures. The actual X-ray report states "deformity of the fifth metacarpal at the distal aspect concerning for fracture."

14. Despite the appearance of Donald's hand, the clinic providers did not send Mr. Martinez for a consultation with either a wound care or burn specialist. The plan was to simply apply cream to Mr. Martinez's hand, wrap the hand in a bandage and have Mr. Martinez follow up at the Clinic.

15. Mr. Martinez followed up with the Clinic providers as he was instructed. He was seen 17 different times by multiple providers at the Clinic. The providers at the Clinic never referred Mr. Martinez for specialist care and, instead, watched his hand turn black and watched as he lost the ability to move his fingers.

16. During the two months following the initial visit, Mr. Martinez was seen 17 different times at the Clinic. During many of these visits, it was noted that Mr. Martinez's hand was not improving and that the pain was worsening.

17. On December 8, 2015, Mr. Martinez was seen for the first time by Dr. Levi Maes. Dr. Maes immediately recognized the severity of the situation and wrote "patient states that doing the same, except not able to move fingers much, feels in contracture, pain as well but only if he tries to move it not at rest". Dr. Maes immediately made a stat referral to see Orthopedic Hand Surgeon Samuel Chun in Santa Fe.

18. Mr. Martinez saw Dr. Chun on December 10. Dr. Chun found that the issue was more appropriate for a trauma/burn specialist. Dr. William Dougherty saw Mr. Martinez on December 14 and made the following note:

> The patient states that he's had a black eschar over his fingers, predominantly the little, middle and ring fingers for several weeks. Patient has no ability to flex his fingers or extend them and little to no ability to abduct them either.
>
> I explained to the patient and the case manager that the time between the initial injuries and his presentation to my clinic has caused a delay in treatment that may reduce the ability to gain normal function to his hand.

19. On December 16, 2015, Dr. Dougherty took Mr. Martinez to surgery and performed a debridement of the wound. However, due to the severe damage, a second surgery was necessary. The second surgery involved amputating the third, fourth and fifth fingers.

20. Donald Martinez received substandard care because he was not immediately referred to a burn/trauma center that could provide the necessary care for his injury. The initial negligence occurred on October 13, 2015, the date that Mr. Martinez was injured.

21. The negligent care at the clinic continued as Mr. Martinez was followed for approximately two months with no evaluation by a burn specialist, wound specialist or hand specialist.

22. As a result of the failure to appropriately refer Mr. Martinez to a specialist and the failure to provide appropriate care, Mr. Martinez suffered the unnecessary amputation of his third, fourth and fifth fingers and has no real use of his index finger.

23. Mr. Martinez formerly worked as a mechanic and manual labor worker with the Cumbres and Toltec Railroad. Mr. Martinez will never work in the same capacity again.

24. Even more significant than his inability to work is the remarkable disruption to his daily life and the permanent disfigurement that he has suffered due to the medical negligence of the providers at La Clinica del Pueblo de Rio Arriba.

## VII.
## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

25. At all times, Defendant United States of America owed to Donald Martinez the duty to use reasonable care in its provision of care and treatment. At all times relevant to this cause of action, Defendant, through its employees, agents and physicians, owed Donald Martinez the duty to exercise the degree of skill and care required of reasonably competent, prudent physicians and healthcare providers practicing under like or similar circumstances.

26. Defendant breached the recognized standard of acceptable professional practice at the time of Donald Martinez's treatment. Defendant acted with less than, or failed to act with, ordinary and reasonable care in accordance with the recognized standard of accepted

professional practice and was, therefore, negligent in its care and treatment of Donald Martinez in the following ways, including but not limited to:

 a. Defendant failed to properly and timely treat Donald Martinez.

 b. Defendant failed to properly and timely diagnose Donald Martinez.

 c. Defendant failed to properly and timely monitor Donald Martinez's condition.

 d. Defendant failed to properly and timely refer Donald Martinez for specialist care.

 e. Defendant, over the course of two months, continually failed to recognize the severity of Mr. Martinez's condition and his immediate need for care by a burn specialist, wound specialist or hand specialist.

27. At all times mentioned herein, the employees, agents and/or representatives of the United States Government were negligent and caused all of the injuries and damages sustained by Donald Martinez.

28. Dr. William Dougherty, the doctor who ultimately treated Mr. Martinez, stated that **"Mr. Martinez's outcome, more likely than not, would have been much improved if I had been able to treat him close in time to the initial injury."**

29. Dr. Dougherty additionally stated that **"the most likely outcome with such treatment would have been that Mr. Martinez did not require amputation and he would have maintained the function in his fingers and hand of at least 80 percent."**

7

## VIII.
## DAMAGES

30. As a direct result of Defendant's negligent acts and/or omissions, Donald Martinez suffered severe and permanent bodily injury, mental and emotional distress, pain and suffering, medical expenses, permanent disfigurement, lost wages and lost earning capacity.

31. Plaintiff pleads for all damages available under New Mexico state law, federal law and equity. These damages include, but are not limited to the following:

    a. Physical pain, suffering and discomfort of Donald Martinez.

    b. Emotional distress and mental anguish of Donald Martinez.

    c. Medical and healthcare expenses of Donald Martinez.

    d. Loss of earnings and earning capacity of Donald Martinez.

    e. Past and future loss of household services of Donald Martinez.

    f. The loss of enjoyment of life by Donald Martinez.

    g. The nature, extent and duration of the injuries to Donald Martinez.

    h. All other such damages to be determined by the court applicable, in an amount to be determined by the fact finder in this action.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Donald Martinez requests that Defendant be found responsible to Plaintiff for judgment in an amount to be determined by the Court that would fully and fairly compensate Plaintiff for all damages sustained; and for such other and further relief as may be shown; for post-judgment interest at the applicable legal rate; for all court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which Plaintiff may be entitled and to which the Court believes are appropriate.

Respectfully submitted,

HUNT & MARSHALL


By:   /s/ *Lee R. Hunt*
Lee R. Hunt, Esq.
Stephen R. Marshall, Esq.
518 Old Santa Fe Trail, #501
Santa Fe, New Mexico 87505
P: (505) 954-4868
F: (505) 819-0022
lee@huntandmarshall.com
steve@huntandmarshall.com